**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ROBERT CLYDE DICKERSON**                                      **CIVIL ACTION**

**VERSUS**                                                                      **NO. 23-2259**

**STATE OF LOUISIANA, ET AL.**                          **SECTION: "D"(1)**

**O R D E R**

Plaintiff, Robert Clyde Dickerson, a state pretrial detainee, filed the instant complaint seeking relief pursuant to 42 U.S.C. § 1983.[1]  The Clerk of Court marked that complaint as deficient and issued a Notice of Deficient Filing.[2]  Plaintiff did not resubmit a corrected complaint.

Nevertheless, even separate and apart from the reasons given by the Clerk in the Notice Deficient Filing, the undersigned finds that plaintiff must file an amended complaint for an entirely different reason:  he has failed to name a proper defendant.

In the caption of his complaint, plaintiff listed two defendants:  the State of Louisiana and the St. Tammany Parish Jail.[3]  Neither of those defendants is proper in a § 1983 action.

---

[1] Rec. Doc. 1.  In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983.  Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).

[2] Rec. Doc. 2.

[3] Rec. Doc. 1, p. 1.

The State of Louisiana is not a proper defendant in a § 1983 action for two reasons.  First, a state is not a "person" subject to suit under § 1983.  <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 66 (1989); <u>Cronen v. Texas Department of Human Services</u>, 977 F.2d 934, 936 (5th Cir. 1992); <u>Tyson v. Reed</u>, Civ. Action No. 09-7619, 2010 WL 360362, at *3 (E.D. La. Jan. 21, 2010).  Second, even if the State of Louisiana were otherwise a proper defendant, which it is not, it would still be protected against any § 1983 claim by the Eleventh Amendment.  Unless a state has waived its immunity, the Eleventh Amendment bars the state's citizens from filing suit against the state in federal court for either monetary damages or injunctive relief.  <u>Cozzo v. Tangipahoa Parish Council-President Government</u>, 279 F.3d 273, 280 (5th Cir. 2002); <u>Tyson</u>, 2010 WL 360362, at *3.  The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court.  <u>See</u> La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power.  We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

<u>Cozzo</u>, 279 F.3d at 281 (quotation marks and citations omitted).

The St. Tammany Parish Jail is likewise an improper defendant.  "The St. Tammany Parish Jail is a building, not a 'person' subject to suit under § 1983."  <u>Roper v. Strain</u>, Civ. Action No. 10-341, 2010 WL 923151, at *2 n.2 (E.D. La. Mar. 8, 2010); <u>accord</u> <u>Biyiklioglu v. St. Tammany Parish Jail</u>, Civ. Action No. 14-1684, 2015 WL 3966219, at *8 (E.D. La. June 2, 2015), <u>adopted</u>, 2015 WL 3966159 (E.D. La. June 29, 2015); <u>Miller v. St. Tammany Parish Jail</u>, Civ. Action No. 08-4694, 2008 WL 5111146, at *2 n.3 (E.D. La. Dec. 4, 2008); <u>Williamson v. Louisiana</u>, Civ.

2

Action No. 08-4598, 2008 WL 5082911, at *3 (E.D. La. Nov. 24, 2008); <u>Smith v. St. Tammany Parish Sheriff's Office</u>, Civ. Action No. 07-3525, 2008 WL 347801, at *2 (E.D. La. Feb. 6, 2008).

In the portion of his complaint listing the parties, plaintiff then additionally listed other defendants:  unidentified detectives of the St. Tammany Parish Sheriff's Office and unidentified members of the St. Tammany Parish Jail's medical department.[4]  However, that, too, is improper because all defendants must be properly identified by name.  <u>See, e.g.</u>, <u>Hill v. Strain</u>, Civ. Action No. 08-4768, 2010 WL 111062, at *3 (E.D. La. Jan. 11, 2010) ("Plaintiff may not pursue claims against the unidentified medical personnel and/or sheriff deputies ….  A § 1983 action must be filed against an actual identified person.  Therefore, plaintiff's claims against the unidentified defendants should be dismissed as frivolous and for otherwise failing to state a claim upon which relief can be granted."); <u>Francis v. Terrebonne Parish Sheriff's Office</u>, Civ. Action No. 08-4972, 2009 WL 4730707, at *3 (E.D. La. Dec. 9, 2009); <u>Staritz v. Valdez</u>, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); <u>Banks v. United States</u>, Civ. Action No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007).[5]

However, because plaintiff is proceeding *pro se*, the Court will afford him an opportunity to file an amended complaint to name a proper defendant or defendants.

Accordingly,

**IT IS ORDERED** that, on or before **August 31, 2023**, plaintiff file an amended complaint to name a proper defendant or defendants.  The amended complaint must include the following

---

[4] <u>Id.</u> at p. 4.
[5] If plaintiff intended to name the medical unit itself as a defendant, he fares no better.  If the medical unit at the St. Tammany Parish Jail is one operated by the Sheriff's Office, then it is not a suable entity.  <u>Smith</u>, 2008 WL 347801, at *2 ("A prison medical department is not an independent entity capable of being sued under 42 U.S.C. § 1983.").  On the other hand, if the medical unit is independently operated by a private corporation, then that corporation must be named.

3

information:  (1) the name of each individual plaintiff seeks to sue; (2) a proper service address for each such individual; and (3) a short and plain statement of each claim plaintiff wishes to assert against each such individual.  If plaintiff fails to file an amended complaint as ordered, the undersigned will recommend that this lawsuit be dismissed.

New Orleans, Louisiana, this ____31st____ day of ____July____, 2023.


_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**