UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROBERT CLYDE DICKERSON**                                  **CIVIL ACTION**

**VERSUS**                                                                           **NO. 23-2259**

**STATE OF LOUISIANA, ET AL.**                                 **SECTION: "D"(1)**

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Robert Clyde Dickerson, a state pretrial detainee, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 and paid the required filing fee. In this lawsuit, he claims that a detective interfered with his medical care. He also claims that he was refused medical treatment at the St. Tammany Parish Jail.[1]

On July 31, 2023, the undersigned United States Magistrate Judge notified plaintiff that his original complaint failed to name a proper defendant and gave him an opportunity to file an amended complaint to correct that defect.[2] He thereafter filed an amended complaint naming Detective Blake Varnado as a defendant.[3]

Federal courts "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[4] That statute further provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 5.
[3] Rec. Doc. 6.
[4] For the purposes of the statute, the definition of "prisoner" includes pretrial detainees. 28 U.S.C. § 1915A(c) ("As used in this section, the term 'prisoner' means **any person** incarcerated or **detained in any facility who is accused of**, convicted of, sentenced for, or adjudicated delinquent for, **violations of criminal law** or the terms and conditions of parole, probation, pretrial release, or diversionary program." (emphasis added)).

> (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).  The statute applies to all such lawsuits filed by prisoners, including those, such as plaintiff, who pay the filing fee.  Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998); see also Velasquez v. Dretke, 185 F. App'x 342, 343 (5th Cir. 2006).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted).

For the following reasons, the defendants listed in plaintiff's original complaint are improper, and the claims against them should be dismissed.

In the caption of his original complaint, plaintiff listed two defendants:  the State of Louisiana and the St. Tammany Parish Jail.[5]  Neither of those defendants is proper in a § 1983 action.

---

[5] Rec. Doc. 1, p. 1.

Even if the State of Louisiana were otherwise a proper defendant, which it is not,[6] it would be protected against any § 1983 claim by the Eleventh Amendment. Unless a state has waived its immunity, the Eleventh Amendment bars the state's citizens from filing suit against the state in federal court for either monetary damages or injunctive relief. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280 (5th Cir. 2002); Tyson v. Reed, Civ. Action No. 09-7619, 2010 WL 360362, at *3 (E.D. La. Jan. 21, 2010). The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo, 279 F.3d at 281 (quotation marks and citations omitted).

The St. Tammany Parish Jail is likewise an improper defendant. "The St. Tammany Parish Jail is a building, not a 'person' subject to suit under § 1983." Roper v. Strain, Civ. Action No. 10-341, 2010 WL 923151, at *2 n.2 (E.D. La. Mar. 8, 2010); accord Biyiklioglu v. St. Tammany Parish Jail, Civ. Action No. 14-1684, 2015 WL 3966219, at *8 (E.D. La. June 2, 2015), adopted, 2015 WL 3966159 (E.D. La. June 29, 2015); Miller v. St. Tammany Parish Jail, Civ. Action No. 08-4694, 2008 WL 5111146, at *2 n.3 (E.D. La. Dec. 4, 2008); Williamson v. Louisiana, Civ. Action No. 08-4598, 2008 WL 5082911, at *3 (E.D. La. Nov. 24, 2008); Smith v. St. Tammany Parish Sheriff's Office, Civ. Action No. 07-3525, 2008 WL 347801, at *2 (E.D. La. Feb. 6, 2008).

---

[6] A state is not a "person" subject to suit under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989); Cronen v. Texas Department of Human Services, 977 F.2d 934, 936 (5th Cir. 1992); Tyson v. Reed, Civ. Action No. 09-7619, 2010 WL 360362, at *3 (E.D. La. Jan. 21, 2010).

In the section of his original complaint listing the parties, plaintiff also listed additional defendants: unidentified detectives of the St. Tammany Parish Sheriff's Office and unidentified members of the St. Tammany Parish Jail's medical department.[7]  However, that, too, is improper because all defendants must be properly identified by name.  See, e.g., Hill v. Strain, Civ. Action No. 08-4768, 2010 WL 111062, at *3 (E.D. La. Jan. 11, 2010) ("Plaintiff may not pursue claims against the unidentified medical personnel and/or sheriff deputies ….  A § 1983 action must be filed against an actual identified person.  Therefore, plaintiff's claims against the unidentified defendants should be dismissed as frivolous and for otherwise failing to state a claim upon which relief can be granted."); Francis v. Terrebonne Parish Sheriff's Office, Civ. Action No. 08-4972, 2009 WL 4730707, at *3 (E.D. La. Dec. 9, 2009); Staritz v. Valdez, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); Banks v. United States, Civ. Action No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007).[8]

However, although the defendants listed in plaintiff's original complaint should be dismissed, he, as noted, added a new defendant, Detective Blake Varnado, in the amended complaint.  At least at this stage of the proceeding, the claim against Varnado should be allowed to proceed and remain referred to the undersigned United States Magistrate Judge.  That said, plaintiff is hereby placed on notice that, having paid the filing fee, he is responsible for serving the summons and complaint upon Varnado.  Fed. R. Civ. P. 4(c)(1).  If plaintiff fails to do so, the claims against Vernado may be dismissed pursuant to Fed. R. Civ. P. 4(m).

---

[7] Rec. Doc. 1, p. 4.

[8] If plaintiff intended to name the medical unit itself as a defendant, he fares no better.  If the medical unit at the St. Tammany Parish Jail is one operated by the Sheriff's Office, then it is not a suable entity.  Smith, 2008 WL 347801, at *2 ("A prison medical department is not an independent entity capable of being sued under 42 U.S.C. § 1983.").  On the other hand, if the medical unit is independently operated by a private corporation, then that corporation must be named.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claims against the State of Louisiana be **DISMISSED WITHOUT PREJUDICE** pursuant to the Eleventh Amendment.

It is **FURTHER RECOMMENDED** that plaintiff's claims against St. Tammany Parish Jail be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that plaintiff's claims against the unidentified detectives of the St. Tammany Parish Sheriff's Office and the unidentified members of the St. Tammany Parish Jail's medical department be **DISMISSED WITHOUT PREJUDICE**.

It is **FURTHER RECOMMENDED** that plaintiff's claims against Detective Blake Varnado be allowed to proceed pending further development and remain referred to the United States Magistrate Judge.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana this 26th day of September, 2023.

*[signature: Janis van Meerveld]*
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**