UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROBERT CLYDE DICKERSON**                                    **CIVIL ACTION**

**VERSUS**                                                              **NO. 23-2259**

**STATE OF LOUISIANA, ET AL.**                           **SECTION: D (1)**

**ORDER AND REASONS**

The Court, having considered Plaintiff Robert Clyde Dickerson's 42 U.S.C. § 1983 Amended Complaint,[1] the record, the applicable law, the Partial Report and Recommendation of the United States Magistrate Judge,[2] and the failure of the Plaintiff to file any objection to the Report and Recommendation,[3] hereby approves in part and adopts in part the Report and Recommendation as its opinion in this matter.[4] In doing so, the Court notes that it has construed Plaintiff Robert Clyde Dickerson's *pro se* pleading liberally.[5]

---

[1] R. Doc. 6.
[2] R. Doc. 7.
[3] Objections were due October 10, 2023. Because Plaintiff is proceeding *pro se*, the Court has allowed additional time for objections. None have been filed as of the date of this Order.
[4] The Court adopts the Magistrate Judge's analysis but determines that dismissal of Plaintiff's claims against the State of Louisiana and against unidentified detectives of the St. Tammany Parish Sheriff's Office and unidentified members of the St. Tammany Parish Jail's medical department be with prejudice. Regarding Plaintiff's claim against the State of Louisiana, the Court notes and adopts the Magistrate Judge's analysis which found that the State of Louisiana is not a proper defendant in a Section 1983 action. *See* Partial Report and Recommendation at 3 n.6 ("A state is not a 'person' subject to suit under § 1983." (citing *Will v. Michigan Department of State Police*, 491 U.S. 58, 66 (1989), *Cronen v. Texas Department of Human Services*, 977 F.2d 934, 936 (5th Cir. 1992), and *Tyson v. Reed*, Civ. Action No. 09-7619, 2010 WL 360362, at *3 (E.D. La. Jan. 21, 2010))). Regarding Plaintiff's claim against unidentified detectives of the St. Tammany Parish Sheriff's Office and unidentified members of the St. Tammany Parish Jail's medical department, the Court notes and adopts the Magistrate Judge's analysis which determined that those "unidentified" defendants were improper "because all defendants must be properly identified by name." *See id.* at 4 (citing *Hill v. Strain*, Civ. Action No. 08-4768, 2010 WL 111062, at *3 (E.D. La. Jan. 11, 2010), *Francis v. Terrebonne Parish Sheriff's Office*, Civ. Action No. 08-4972, 2009 WL 4730707, at *3 (E.D. La. Dec. 9, 2009), *Staritz v. Valdez*, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007)), and *Banks v. United States*, Civ. Action No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007)).
[5] *See Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019).

**IT IS HEREBY ORDERED** that Plaintiff's 42 U.S.C. § 1983 claims against the State of Louisiana, St. Tammany Parish Jail, unidentified detectives of the St. Tammany Parish Sheriff's Office, and the unidentified members of the St. Tammany Parish Jail's medical department are **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915 and 1915A as frivolous and otherwise for failure to state a claim for which relief can be granted.

**IT IS FURTHER ORDERED** that Plaintiff's 42 U.S.C. § 1983 claims against Detective Blake Varnado be allowed to proceed and remain referred to the assigned Magistrate Judge for further pretrial proceedings.

New Orleans, Louisiana, October 26, 2023.

*Wendy B Vitter*
**WENDY B. VITTER**
**United States District Judge**