UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROBERT CLYDE DICKERSON**                                      **CIVIL ACTION**

**VERSUS**                                                                       **NO. 23-2259**

**STATE OF LOUISIANA, ET AL.**                              **SECTION: "D"(1)**

**REPORT AND RECOMMENDATION**

Plaintiff, Robert Clyde Dickerson, a state pretrial detainee, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983. Asserting claims concerning his medical care, he sued the State of Louisiana, the St. Tammany Parish Jail, unidentified members of the jail's medical department, unidentified detectives of the St. Tammany Parish Sheriff's Office, and Detective Blake Varnado. All of plaintiff's claims have since been dismissed except for his claims against Varnado.[1]

Varnado has now filed a motion to dismiss, arguing that the claims against him should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).[2] Plaintiff has filed a response in opposition,[3] and Varnado has filed a reply to that response.[4]

Rule 12(b)(6) allows a defendant to move for dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on such a motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted). Nevertheless, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to

---

[1] Rec. Doc. 8; Dickerson v. Louisiana, Civ. Action No. 23-2259, 2023 WL 7089720 (E.D. La. Oct. 26, 2023).
[2] Rec. Doc. 14.
[3] Rec. Doc. 17.
[4] Rec. Doc. 22.

relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (footnote, citation, and quotation marks omitted).

In the instant case, Varnado was first named as a defendant in plaintiff's first amended complaint,[5] in which he stated his claims against Varnado as follows:

> Detective Blake Varnado violated my constitutional rights of due process of law stopping my medical treatment 2 times from the hospital with concussion & brain injury, to take me to interrogation. Hiding all paperwork from Dr. at hospital from all officials. Was picked up by EMTs the 2nd time in interrogation to return to hospital to stay 3 day for care. (Was not in custody) or under arrest at the time.[6]

In his second amended complaint, plaintiff then gave a more detailed statement of his claims against Varnado, alleging:

> **On or appr. Oct 20, 2020** at my home 23309 Ray Keen Rd, Covington, LA 70435 I Robert Clyde Dickerson was awakened by Detective Blake Varnado early in the morning with knocking on my front door. I was slow getting to answer the door be the night before I had an accident in my shop I was hit in the head on left side over my eye. I was knocked unconsius on the ground. Later that night I woke up went inside & got in my bed, my head was swelled & bruised over my eye. I was sick & dizzy. When I opened the door Detective Varnado saw I was hurt & says to me I need medical assisance. He puts me in his car after he calls the EMT's & carry's me about a quarter of a mile from my home to meet the ambulance. He fail to tell me he had a search warrant for my property. I could see my home from the spot were I was put in the ambulance. Detective Varnado follows the ambulance to the St. Tammany Hospital E.R. I'm taken in for exam, tests, ect. by the Dr. OK as the Dr. is telling me what he found, he tells me I have a concusion & bruising of the brain, he ask Detective Blake if I was in custidy he tells him (no), the the Dr. tells me he could admitt me to the hospital, but I can do the same treatment at home, he says bedrest with someone with me for a couple of days to wake me up every hour becaus of concussion, he tells me he has written me prescriptions for med's with orders in my paperwork. We start to leave the hospital & Detective Blake wheels me out to his car in the parking lot, puts me in the front seat, I'm thinking we're on our way to take me home, the next thing I'm aware of because I'm sick to my stomach & head is hurting, we arrive at St. Tammany Detective Division Interrogation in Covington. I tell him I cannot do this, he says he needs me to answer so questions for him. He take me inside to a room behind a closed door the next thing I remember is being assissed by EMT's in the floor & then taken back to the hospital for treatment, where I stayed for 3 days & Detective Blake returned the day I'm to be released to go home & takes me back to

---

[5] Rec. Doc. 6.
[6] Id. at p. 1.

> interrogation again.  From there I was taken to St. Tammany jail where I've been since.
>
> Upon Detective Blake Varnado leafing to St. Tammany Jail he doesn't tell the Medical of my injuries or does he leave paperwork from hospital with the Jail. He takes the paper work from hospital back to my home & places it in my home. He stopped my medical treatment from the hospital the first time I was there & keep all documents from hospital from the jail medical staff.[7]

Varnado filed the instant motion to dismiss pursuant to Rile 12(b)(6), arguing that the claims against him are barred by the statute of limitations.[8]  " A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."  Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003).  For the following reasons, that is the case here.

Regarding the statute of limitations, the United States Fifth Circuit Court of Appeals has held:

> The statute of limitations for Section 1983 claims is "the forum state's personal-injury limitations period," **which in Louisiana is one year**.  Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998).  "In applying the forum state's statute of limitations, the federal court should also give effect to any applicable tolling provisions."  Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993).  However, federal law governs when a Section 1983 claim accrues.  Jacobsen, 133 F.3d at 319.  This court has stated that "[u]nder federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."  Gartrell, 981 F.2d at 257.  As a result, the limitations period begins "when the plaintiff is in possession of the 'critical facts that he has been hurt and who has inflicted the injury.'"  Id. (quoting Lavellee v. Listi, 611 F.2d 1129, 1130 (5th Cir. 1980)).

---

[7] Rec. Doc. 11, pp. 1-3 (emphasis added).  It is noted that plaintiff ended that final paragraph by stating, "I was placed in suicide watch naked with no bed or warm clothing for 3 days & nights."  Id. at p. 3.  However, that final sentence does not appear to allege that Varnado was personally involved in plaintiff's placement on suicide watch or in the conditions of that watch.  In fact, plaintiff does not properly connect that allegation to any particular defendant.  In any event, even if plaintiff had connected that action to a defendant herein, which he has not, any claims based on that final sentence would be barred by the statute of limitations for the same reasons as the claims against Varnado – namely, those claims accrued in 2020, when the underlying events are alleged to have occurred, more than one year before the instant action was filed.

[8] See Rec. Doc. 14-1, pp. 5-7.

Smith v. Regional Transit Authority, 827 F.3d 412, 421 (5th Cir. 2016) (emphasis added).  In the instant case, the claims concerning Varnado's interference with plaintiff's medical care accrued when that interference occurred – which, by plaintiff's own admission, was in October of 2020.

Because the claims accrued in **2020** and because plaintiff's complaint was not filed until **2023**,[9] his claims against Varnado were clearly prescribed at the time of filing unless the one-year statute of limitations was tolled.  As previously noted, the Court looks to the forum state's law to determine whether the limitations period was tolled.  Smith, 827 F.3d at 421.  Regarding Louisiana's laws on tolling, the United States Fifth Circuit Court of Appeals has explained:

> Under Louisiana law, the doctrine *of contra non valentem* suspends the running of prescription in "exceptional circumstances." Lapuyade v. Rawbar, Inc., 190 So. 3d 1214, 1220 (La. Ct. App. 2016).  Louisiana courts apply the doctrine of *contra non valentem* in four situations:
>
>> (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
>> (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
>> (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or
>> (4) where the cause of action is neither known nor reasonably known by the plaintiff even though plaintiff's ignorance is not induced by the defendant.

Marin v. Exxon Mobil Corp., 48 So.3d 234, 245 (La. 2010). LaShip, L.L.C. v. Hayward Baker, Inc., 680 F. App'x 317, 323 (5th Cir. 2017).

---

[9] Because plaintiff is a *pro se* prisoner, his complaint is "deemed filed as of the date that he duly submitted it to prison authorities for forwarding to the clerk of court." Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  Here, that date is not apparent from the record; however, it could not have been any earlier than the date on which he signed his complaint.  See, e.g., Smith v. Tanner, Civ. Action No. 18-3719, 2018 WL 6204617, at *6 (E.D. La. Nov. 11, 2018), adopted, 2018 WL 6199974 (E.D. La. Nov. 27, 2018).  Plaintiff signed his original complaint on June 21, 2023. Rec. Doc. 1, p. 5.  He signed the first amended complaint naming Varnado as a defendant on August 21, 2023. Rec. Doc. 6, p. 2.

Plaintiff has identified no reason that the doctrine of *contra non valentem* would apply in this case. Indeed, in his response to Varnado's motion, plaintiff fails to address the statute of limitations at all, much less argue that tolling applies.[10] Therefore, the undersigned recommends that the motion to dismiss be granted on the grounds that plaintiff's claims against Varnado were prescribed at the time of filing.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the motion to dismiss filed by Detective Blake Varnado, Rec. Doc. 14, be **GRANTED** and that the claims against him be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 8th day of April, 2024.

　　　　　　　　　　　　　　　　　　　　　　　**JANIS VAN MEERVELD**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

---

[10] Rec. Doc. 17; see also Rec. Doc. 19.