UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROBERT CLYDE DICKERSON**                     **CIVIL ACTION**

**VERSUS**                                      **NO. 23-2259**

**STATE OF LOUISIANA, ET AL.**                  **SECTION: D (1)**

ORDER AND REASONS

The Court, having considered Plaintiff Robert Clyde Dickerson's 42 U.S.C. § 1983 Second Amended Complaint,[1] the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge,[2] the Plaintiff's Objections to the Report and Recommendation,[3] and the Defendant's response to the Plaintiff's Objections,[4] hereby approves and adopts the Report and Recommendation as its opinion in this matter. In doing so, the Court notes that it has construed Plaintiff Robert Clyde Dickerson's *pro se* pleading liberally.[5]

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

As Plaintiff Robert Clyde Dickerson ("Plaintiff") raises no objection to the Magistrate Judge's recitation of the Procedural History, and the Court finds it not clearly erroneous, the Court adopts the factual background and procedural history of the Report and Recommendation.[6] Reviewing that procedural history, the record reflects that Plaintiff originally filed this Section 1983 *pro se* civil rights action

---

[1] R. Doc. 11.
[2] R. Doc. 24.
[3] R. Doc. 27.
[4] R. Doc. 28.
[5] *See Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019).
[6] R. Doc. 24 at pp. 1–3.

against the State of Louisiana and the St. Tammany Parish Jail as well as unidentified members of the St. Tammany Parish Jail's medical department and unidentified detectives of the St. Tammany Parish Sheriff's Office for alleged failure to provide him medical treatment while incarcerated.[7] In response to an Order[8] from the Magistrate Judge requiring the Plaintiff to name proper defendants, the Plaintiff filed an Amended Complaint adding St. Tammany Parish Sheriff's Office Detective Blake Varnado as a defendant party.[9]

Thereafter, this Court approved and adopted in part the Partial Report and Recommendation[10] of the Magistrate Judge, dismissing all claims against the State of Louisiana, St. Tammany Parish Jail, unidentified detectives of the St. Tammany Parish Sheriff's Office, and the unidentified members of the St. Tammany Parish Jail's medical department with prejudice but allowing the Plaintiff's claims against Blake Varnado to proceed for further development.[11] Plaintiff subsequently filed a Second Amended Complaint providing further allegations against Defendant Varnado.[12]

The Defendant then filed a Motion to Dismiss Plaintiff's claims against him, contending that Plaintiff's claims have prescribed under Louisiana's one-year prescriptive period applicable to Section 1983 actions as Plaintiff waited until June 2023 to file suit for conduct which occurred in October 2020.[13] After allowing the

---

[7] R. Doc. 1.
[8] R. Doc. 5.
[9] R. Doc. 6.
[10] R. Doc. 7.
[11] R. Doc. 8.
[12] R. Doc. 11.
[13] R. Doc. 14.

parties to fully brief the issue[14], the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's claims against Defendant Blake Varnado be dismissed with prejudice as time-barred.[15]  In the Report and Recommendation, the Magistrate Judge concluded that the Plaintiff's claims accrued in October 2020 when the Defendant allegedly interfered with or denied the Plaintiff access to proper medical treatment while incarcerated and that none of Louisiana's tolling provisions applied.[16]  Accordingly, the Magistrate Judge recommended that this Court dismiss Plaintiff's claims with prejudice.

Plaintiff timely filed an Objection to the Report and Recommendation, arguing for the first time that he did not become aware of the Defendant's conduct until May 17, 2023 when his sister provided him his hospital records which purportedly had been in his home.[17]  Plaintiff implies that because the records were located in his home, the Defendant must not have shared those records with the medical unit at St. Tammany Parish Jail or informed them of the same. Plaintiff provides no other arguments as to the timeliness of his Complaint.  Additionally, Plaintiff attached annotated hospital records as an exhibit to his Objections.[18]  The Defendant filed a brief reply pointing out that the Plaintiff first raises the argument that he did not become aware of the Defendant's conduct until May 17, 2023 in his Objections and never mentioned that detail once in any of his prior pleadings before the Court.[19]

---

[14] R. Doc. 17 (Plaintiff's Response); R. Doc. 22 (Defendant's Reply).
[15] R. Doc. 24.
[16] *See id.* at pp. 4–5.
[17] R. Doc. 27.
[18] *See* R. Doc. 27-1.
[19] R. Doc. 28.

## II. PLAINTIFF'S OBJECTIONS

In his Objections to the Magistrate Judge's Report and Recommendation, the Plaintiff claims that while the alleged misconduct towards him by the Defendant occurred in October 2020, he did not become aware "of what [Defendant] had actually done to [Plaintiff]" until May 17, 2023.[20] Although not so specified, the Court construes Plaintiff's Objections as addressing the Report and Recommendation's finding that the one-year statute of limitations was not tolled and therefore that the Plaintiff's action has prescribed. Plaintiff contends that on May 17, 2023, his sister first showed him his October 2020 hospital records that she had discovered "some time after doing the clean-up of [his] home after the search warrant was issued on October 21, 2020."[21] Plaintiff alleges that at some point between October 2020 and May 17, 2023, the Defendant returned to the Plaintiff's home and placed the hospital records in his home along with other paperwork to hide them.[22] Thus, Plaintiff appears to argue that his Complaint was timely filed because he did not know that the Defendant had failed to inform both the intake and medical unit at St. Tammany Parish Jail where he was incarcerated of his medical needs until he discovered the records in his home.

## III. LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(B), the district court may refer dispositive matters to a magistrate judge, who then issues a report and recommendations.[23] The district

---

[20] R. Doc. 27 at p. 1.
[21] *Id.*
[22] *Id.* at pp. 1–3.
[23] 28 U.S.C. § 636(b)(1)(C).

court must review *de novo* those portions of the report and recommendations to which a specific objection is made.[24]  The court reviews all other portions of the report and recommendations for plain error.[25]

## IV.   ANALYSIS

At the outset, the Court notes that Plaintiff's Objections raise new arguments that were not before or considered by the Magistrate Judge.  "[I]ssues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge."[26]  Nevertheless, because Plaintiff's Objections relate to the Magistrate Judge's recommendation, the Court, in its discretion, considers Plaintiff's Objections, including his newly raised arguments.

As the Magistrate Judge correctly noted, the statute of limitations for Section 1983 claims filed in Louisiana is one year.[27]  According to the Plaintiff, his injuries occurred in October 2020 when the Defendant failed to inform the medical unit at St. Tammany Parish Jail of the Plaintiff's medical needs and stopped him from receiving medical treatment.[28]  The Louisiana Supreme Court has explained that "prescription runs from the date on which [a plaintiff] first suffered actual and appreciable damage, . . . even though he may thereafter come to a more precise realization of the damages

---

[24] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).
[25] *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989); Fed. R. Civ. P. 72(b) (Advisory Committee Notes, 1983 Addition); 28 U.S.C. § 636(b)(1)(A).
[26] *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)).
[27] *See Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016) ("The statute of limitations for Section 1983 claims is 'the forum state's personal-injury limitations period,' which in Louisiana is one year." (quoting *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998))).
[28] *See, e.g.*, R. Doc. 11; R. Doc. 27.

he has already incurred."²⁹  Thus, for Plaintiff's Complaint to be timely, Plaintiff had to file any claims by October 2021.

Plaintiff filed this lawsuit several years later in June 2023.  Absent some tolling of the prescriptive period, Plaintiff's claims have clearly prescribed.  In Louisiana, the doctrine of *contra non valentem* suspends the running of prescription in "exceptional circumstances."³⁰  Of relevance here is the so-called "discovery rule" of the *contra non valentem* doctrine wherein the prescriptive period is tolled "where the cause of action is neither known nor reasonably knowable by the plaintiff even though plaintiff's ignorance is not induced by the defendant."³¹  Importantly, the "discovery rule" is only to be applied in "extreme circumstances."³²

Although the Plaintiff never squarely addresses the prescription issue in his Objection, the Court interprets his argument that he first became aware of Defendant's conduct on May 17, 2023 when he discovered that his hospital records were located in his home as contending that the prescriptive period was tolled under the "discovery rule."  Plaintiff's eleventh-hour attempt to keep his claims alive lacks merit and any basis in fact.

According to Plaintiff's own Complaints in this matter, Plaintiff knew that Defendant Blake Varnado was the individual who initially took him to the hospital on or about October 20, 2020 and then took him to St. Tammany Parish Jail where

---

²⁹ *Marin v. Exxon Mobil Corp.*, 2009-2368 (La. 10/19/10); 48 So.3d 234, 246 (quoting *Harvey v. Dixie Graphics, Inc.*, 593 So.2d 351, 354 (La. 1992)).
³⁰ *Id.* at 245 (quoting *Renfroe v. State ex rel. Dept. of Transp. and Development*, 01–1646 (La. 2/26/02), 809 So.2d 947, 953).
³¹ *Id.* (quoting *Plaquemines Parish Com'n Council v. Delta Development Co., Inc.*, 502 So.2d 1034 (La. 1987)).
³² *Id.*

he allegedly did not receive the medical treatment he needed.[33] That is, by October 2020, Plaintiff knew that he did not receive proper medical care and that he had been in the custody of the Defendant. Indeed, Plaintiff would have known whether the Defendant "stopped [his] medical treatment"[34] at the time he was allegedly denied medical treatment, not years later upon review of hospital records found in his residence. Plaintiff's claim that he did not become aware of the Defendant's alleged actions until May 17, 2023 when his sister showed Plaintiff his hospital records which allegedly were located in the Plaintiff's home does not constitute an "extreme circumstance" sufficient to toll the prescriptive period.

Plaintiff's theory that the Defendant refused to provide his hospital records to the St. Tammany Parish Jail and instead returned back to the Plaintiff's home at some point between October 2020 and May 17, 2023 to hide the medical records lacks any evidentiary basis and defies any reasonable assumption the Court is willing to make, even as the Court liberally construes the pleading. Plaintiff fails to explain how his learning of the hospital records at his home in any way tends to show that he was unaware in October 2020 that he was not receiving requisite medical treatment and that the Defendant was implicated. Further, Plaintiff's claim in his Objections that the Defendant took Plaintiff's medical records to Plaintiff's home and placed them there intentionally hiding them has no basis in fact and is nothing more

---

[33] *See* R. Docs. 6 & 11.
[34] R. Doc. 11 at p. 3.

than speculation.  Plaintiff fails to sustain his burden in proving that the prescriptive period was tolled for his Section 1983 claims.[35]

Because Plaintiff's Complaint was filed more than a year after the prescriptive period had ended, and because the doctrine of *contra non valentem* does not apply, the Court finds that the Magistrate Judge correctly recommended that this action be dismissed with prejudice as time-barred.  The Court's analysis concluded similarly.

While the Court should ordinarily give a *pro se* litigant an opportunity to amend a complaint before dismissing a complaint, the Court notes that Plaintiff has previously filed two amended Complaints, the last adding significantly greater factual allegations.[36]  Plaintiff alleges that the events took place on October 20, 2020. Indeed, even in his Objections Plaintiff acknowledges that the events occurred in October 2020,  although, as noted above, he contends that he was not aware of these events until the medical paperwork was discovered in his home in May 2023.[37] When determining whether the Court should exercise its discretion to allow leave the amend, the Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[38]

---

[35] Where a claim has prescribed on its face, it is the plaintiff's burden to prove that his claims have not prescribed. *See Marin*, 48 So.3d at 256.
[36] *See* R. Doc. 6 & R. Doc. 11.
[37] R. Doc. 27.
[38] *Nolan v. M/V SANTE FE*, 25 F.3d 1043 (5th Cir. 1994) (citing *Gregory v. Mitchell*, 635 F.2d 199, 203 (5th Cir. 1981)).

"An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."[39] Applying those factors here, the Court finds that any amendment would be futile as Plaintiff concurs that the events occurred in October 2020, making his claims untimely.

## V.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff Robert Clyde Dickerson's 42 U.S.C. § 1983 claims alleged in his Second Amended Complaint[40] against Defendant Blake Varnado are **DISMISSED, with prejudice,** as time-barred, for the reasons stated in the Report and Recommendation.

New Orleans, Louisiana, May 16, 2024.

**WENDY B. VITTER**
**United States District Judge**

---

[39] *Marucci Sports, L.L.C. v. National Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted).
[40] R. Doc. 11.